**In re KENILWORTH SYSTEMS CORP., Debtor.**

**Bankruptcy No. 882–82273–20.**

United States Bankruptcy Court,
E.D. New York
at Westbury.

July 22, 1985.

Robson, Miller & Osserman, New York City (Shephard Lane, of counsel), for debtor.

Joseph M. Kraft, New York City, for Ernest Wille.

### DECISION AND ORDER

ROBERT JOHN HALL, Bankruptcy Judge.

This matter came to be heard upon the objection of debtor to claims of Ernst Wille for $28,000 for wages and for $150,000 for a finder's fee. Upon consideration of the evidence adduced in a hearing on May 23, 1985, and the pleadings submitted herein, the court hereby grants Mr. Wille's claim for $150,000 and denies his claim for $28,-000.

#### The $28,000 Claim

Mr. Wille claimed that he had an oral agreement with Kenilworth president Herbert Lindo to work as an advisor, presumably for life, at a salary of $28,000 per year. To substantiate his claim, Wille offered a letter from Mr. Lindo which implies the existence of an employment relationship. The letter reads as follows:

> I wish to personally welcome you to our company and am pleased that you are anxious to purchase stock. I realize that Anne is worried that you could lose money, but let me assure you both,

should you have any losses because of your purchases of Kenilworth stock, I will personally reimburse you. Needless to say, we welcome stock ownership by our employees and associates, but as a matter of good sense, I must limit my guarantee to 25,000 shares.

Please try to purchase the shares below $5.00 which should not be difficult in this down market. I also wish to make clear that I am making this offer to you only because we did not renew the employees stock option plan and presently are unable to offer shares to you under this plan.

If you purchase the shares in the name of someone else, please advise me and this guarantee will extend to that individual.

Very truly yours,

KENILWORTH SYSTEMS CORPORATION

/s/

Herbert Lindo

President

Debtor challenged Mr. Wille's claim alleging that: (1) there was never an employment contract; (2) claimant failed to produce wage and tax statements; (3) claimant did not have an office on Kenilworth premises; (4) claimant received no mail addressed to him as a Kenilworth employee; (5) payments made by Kenilworth to claimant were for out of pocket expenses; and (6) the subject letter introduced by claimant implies an employment relationship solely to prevent the Securities Exchange Commission from discovering questionable transactions between the parties.

Subsequent to the hearing, Mr. Wille's attorney withdrew his claim for wage preference. In attempting to salvage a non-priority claim, counsel wrote:

Kenilworth's need for outside financing, as these proceedings show, were (sic) critical, imminent and immediate. To talk about Wille's testimony, as if he was saying that he was retained for life to obtain outside financing, is absurd. He was retained to obtain immediate outside financing; introduced Kenilworth to Robert B. Nathan Associates, Inc., for the purpose, and did what he could for this to succeed. When it failed to consummate, Wille was "out" and Lindo stopped talking to him.

The court agrees with counsel that Wille's testimony regarding lifetime employment is "absurd", but the court declines to accept counsel's alternative scenario. It is plausible that Wille was hired to secure immediate financing, but little evidence was offered to support the argument.

■ In short, Wille's initial wage claim was challenged by debtor, and Wille then modified the claim. Wille has not, however, carried his burden of proof far enough to overcome debtor's challenge. Wille has failed to prove the existence of a contract that would entitle him to $28,000 as claimed.

### The $150,000 Claim

■ Wille also made a claim for $150,000 for a finder's fee earned by arranging the transfer of a casino to Kenilworth. To support his claim, Wille produced the following letter:

Dear Mr. Wille,

This will confirm that Kenilworth Systems Corporation and Herb Lindo will pay to Ernest C. Wille and/or his assignee $150,000 (five percent of $3,000,000) for his participation in the sale of the Holiday International Casino to us. (Downtown Las Vegas).

This fee considered earned upon execution of the Holiday International Casino (Int Oper. Bill Butters, Ralph Brady, Ted Sahaidak, etc.) to Kenilworth Systems Corp. and/or Herb Lindo and to be paid upon execution.

Very truly yours,

Kenilworth Systems Corporation

/s/

Herbert Lindo

President

The letter is dated December 21, 1981. On the same day, a three million dollar

stock purchase plan was executed between Kenilworth and the parties listed in the second paragraph of the letter. The plan conveyed to Kenilworth both a 20 year lease and an option to purchase the Holiday International Casino. Mr. Wille urges that the stock purchase plan constitutes the "execution" of the "sale" contemplated in the letter.

In contradiction, Mr. Lindo testified that the letter was intended to be a promise of payment from Kenilworth to a Mr. Shenker for gaming equipment and fixtures, subject to Kenilworth's purchase of the casino. Kenilworth supported this interpretation of the letter by reference to a provision in the stock purchase agreement which states that Kenilworth was not paying a finder's fee.

The language of the subject letter supports Mr. Wille's claim. There is nothing in the letter to indicate the existance of any agreement concerning gaming equipment, fixtures, or a Mr. Shanker. The fact that Kenilworth represented to the sellers of the casino that he was not paying anyone a finder's fee cannot be held against Mr. Wille. Mr. Wille had a contract with Kenilworth, and his rights under that contract are not affected by Kenilworth's self-serving lies to third parties.[1]

In conclusion, the letter describing the finder's fee contract speaks for itself, and Mr. Wille is entitled to a claim of $150,000 for his role in bringing buyer and seller together.

So Ordered.

---

1. Wille's counsel's memoranda hints that the denial of a finder's fee in the stock purchase agreement was made to comply with Nevada Gaming Law. Therefore, the claim may have been void as an illegal contract, had this issue been investigated. Similarly, the court has assumed that Wille is a licensed broker and allowed to accept a finders fee, there being no evidence to the contrary.